IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

VERITIV OPERATING COMPANY,

Plaintiff,

vs.

BRIAN PHILLIPS, and ABBEY ROEDEL,

Defendants.

**8:24CV38**

**STIPULATED TEMPORARY
RESTRAINING ORDER**

On January 31, 2024, Plaintiff Veritiv Operating Company ("Veritiv") initiated this case and contemporaneously filed a Motion for Temporary Restraining Order against Defendants Brian Phillips and Abbey Roedel, collectively ("Defendants"). Filing No. 4. On February 1, 2024, the Court granted, in part, Veritiv's request for a temporary restraining order and scheduled a hearing on Plaintiff's motion for preliminary injunction for February 2, 2024. Filing No. 13. Later that day, at Veritiv's request, the Court continued the hearing until February 5, 2024. Filing No. 15.

In the TRO, the Court enjoined Defendants from using or disclosing Veritiv's confidential information and trade secrets; ordered Defendants to immediately preserve all relevant evidence in their possession, including any information they obtained from Veritiv during or after their employment; and required Veritiv to post a $10,000 bond. Filing No. 13. The TRO was set to expire at 11:59 p.m. on February 6, 2024.

After the entry of the TRO, Defendants each retained counsel. The parties then communicated concerning the terms of the original TRO and the upcoming preliminary injunction hearing. As a result of their discussions, the Parties reached an agreement concerning a requested modification and extension of the existing original TRO, as well as

1

a continuation of the preliminary injunction hearing in order to more fully prepare and present their respective positions to the Court.

Federal Rule of Civil Procedure 65(b)(2) permits the Court to extend a TRO for good cause or with the adverse party's consent.  Here, both plaintiffs have consented to an extension of the TRO on the terms set forth herein.  The Court also finds good cause exists in that the parties need to conduct limited discovery prior to the preliminary injunction hearing.  Accordingly, the Court grants the parties' stipulated request to modify and extend the Original TRO.

IT IS ORDERED:

1.  Defendants, as well as those who are in active concert or participation with them, if any, are enjoined from using or disclosing Veritiv's confidential information and trade secrets.

2.  Defendants, as well as those who are in active concert or participation with them, if any, are ordered to immediately preserve all relevant evidence in their possession, including any information they obtained from Veritiv during or after their employment.

3.  Defendants, as well as those who are in active concert or participation with them, if any, are ordered to return to Plaintiff any and all Veritiv tangible property in their possession, custody or control, by February 9, 2024, and any and all Veritiv intangible property in their possession, custody or control, such as electronic files and e-mails, by February 16, 2024.

4.  Pursuant to Rule 65(c), Plaintiff has posted a bond or surety for this TRO in the amount of $10,000.

5.  Each of the Parties shall have the right to serve targeted, written discovery on any other party on or before February 9, 2024.  The discovery shall be tailored to the

2

issues to be presented at the upcoming Preliminary Injunction Hearing.  Each party shall be limited to 10 requests for production of documents and 10 interrogatories directed to any other party (meaning Plaintiff may serve 10 of each type of discovery on each Defendant).  Each of the Parties may also serve up to three subpoenas as part of the expedited written discovery.

6. Responses to the expedited written discovery, including the production of responsive documents, shall be made by February 16, 2024.

7. Rule 26 disclosures, including the production of all documents listed therein, shall be made on or before February 16, 2024.  The Court will not permit any witness or document not listed or timely supplemented in the Rule 26 Disclosures to be presented at the Preliminary Injunction Hearing.

8. Any supplements to the Rule 26 Disclosures must be made in good faith and no later than seven (7) days prior to the Preliminary Injunction Hearing.

9. The Court admonishes all Parties to be judicious in objections, and to cooperate in good faith in the resolution of any discovery disputes.  If a discovery dispute cannot be resolved through negotiations, the party seeking said discovery must notify the Court no later than February 20, 2024, and the Court or assigned magistrate judge will endeavor to resolve the dispute through an expedited telephonic hearing.

10. Depositions, if any, will be conducted February 19–29, 2024 via good faith scheduling by all parties.  Each Party in this case may take up to four (4) depositions.  All depositions will be limited to four (4) hours in length absent leave of Court and shall be limited to solely to the issues relevant to the forthcoming Preliminary Injunction Hearing.  The taking of any deposition shall not preclude the deposing party from

subsequently deposing the same individual again after the conclusion of the Preliminary Injunction Hearing.

11. The preliminary injunction hearing is set for March 6, 2024, at 1:30 p.m. in Courtroom No. 3, Roman L. Hruska U.S. Courthouse, 111 South 18th Plaza, Omaha, NE before Senior Judge Joseph F. Bataillon.  The Court requests that the parties cooperatively work together to schedule witnesses and allocate the time as appropriate so that all parties have a fair opportunity to present their evidence.  The parties will provide the Court with a schedule of witnesses, with approximate times for each, two (2) days prior to the Preliminary Injunction Hearing.

12. Exhibits and Exhibit Lists must be exchanged seven (7) days prior to the Preliminary Injunction Hearing.

13. Plaintiff shall supplement its briefing in support of its request for preliminary injunction no later than seven (7) days prior to the Preliminary Injunction Hearing.

14. Defendants shall file any opposition brief no later than two (2) days before the Preliminary Injunction Hearing.  No further briefing will occur without leave of Court.

15. The terms of this stipulated temporary restraining order, by agreement of all parties, will remain in effect until the Court issues an order ruling on the motion for preliminary injunction.

Dated this 5th day of February, 2024.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

4